# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

JERMAINE TOLES,

      Petitioner,

v.                              Case No.  3:11cv509/RV/CJK

MICHAEL D. CREWS,[1]

      Respondent.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent has filed an answer, submitting relevant portions of the state court record.  (Doc. 22).  Petitioner has replied.  (Doc. 31).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes

---

[1]Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d).

that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by Amended Information filed in the Circuit Court for Escambia County, Florida, Case Number 08-CF-5151, with committing on or between March 2, 2007, and August 14, 2008, two counts of sexual battery on a victim less than 12 years of age by a person over 18 years of age (Counts 1 and 2), and one count of lewd and lascivious molestation of a victim less than 12 years of age by a person over 18 years of age (Count 3). (Doc. 22, Ex. B, p. 3).[2] After a jury trial, (ex. C), petitioner was found guilty of all counts as charged. (Ex. B, p. 134, 156-163; Ex. C, p. 366). Petitioner was adjudicated guilty and sentenced on Counts 1 and 2 to concurrent terms of natural life in prison without parole. Petitioner was sentenced on Count 3 to a term of natural life in prison concurrent with Count 1. (Ex. B, pp. 156-163). Judgment was entered on July 17, 2009. (*Id.*).

Petitioner appealed and, through counsel, filed an Initial Brief raising the following five issues:

I.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING THE DEFENSE MOTION FOR MISTRIAL FOLLOWING A WITNESS OUTBURST, IN FRONT OF THE JURY, ACCUSING THE DEFENDANT OF OTHER ACTS OF UNCHARGED SEXUAL MISCONDUCT.

II. THE TRIAL COURT'S GRANTING OF THE STATE'S REQUEST TO ALLOW THE MINOR CHILD WITNESS TO TESTIFY FROM A CHAIR PLACED DIRECTLY IN FRONT OF THE JURY, ABSENT ANY FINDINGS THAT THE MINOR

---

[2]All references to exhibits are to those provided at Doc. 22, unless otherwise noted.

> MIGHT OTHERWISE SUFFER FROM SEVERE EMOTIONAL OR MENTAL HARM, WAS ERROR REQUIRING REVERSAL.
>
> III.   THE TRIAL COURT COMMITTED ERROR BY ALLOWING CHILD HEARSAY PURSUANT TO SECTION 90.803(23) WHERE THE REQUISITE STATUTORY FINDINGS WERE NOT ESTABLISHED.
>
> IV.   TESTIMONY FROM STATE WITNESS HAGMAN REGARDING GENERAL PROPENSITIES OF MINOR CHILD TESTIMONY, OVER DEFENSE OBJECTION AND AFTER MOVING FOR MISTRIAL, WAS ERROR.
>
> V.    UNDER THE STANDARD OF FUNDAMENTAL ERROR, THE EVIDENCE WAS NOT SUFFICIENT TO SUSTAIN MR. TOLES' CONVICTION FOR SEXUAL BATTERY AND LEWD AND LASCIVIOUS CONDUCT.

(Exs. C, D).  Petitioner's judgment of conviction was affirmed on direct appeal on August 27, 2010.  *Toles v. State*, 43 So. 3d 698 (Fla. 1st DCA 2010) (Table) (copy at Ex. G).

On September 15, 2011, petitioner filed a *pro se* petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA") alleging ineffective assistance of appellate counsel.  (Ex. I).  The First DCA denied relief on October 10, 2011, in a per curiam opinion stating:  "The petition alleging ineffective assistance of appellate counsel is denied on the merits." *Toles v. State*, 71 So. 3d 923 (Fla. 1st DCA 2011) (copy at Ex. J).

Petitioner filed his federal habeas petition in this Court on October 20, 2011. (Doc. 1).  Petitioner raises one claim – ineffective assistance of appellate counsel for failing to properly argue three issues on direct appeal.  (*Id*. and Attach. B).

Respondent asserts that petitioner is not entitled to federal habeas relief on any of the issues he raises, because his three grounds of IAAC are without merit and, to the extent petitioner attempts to raise an additional (fourth) ground of IAAC, that ground is procedurally defaulted because petitioner did not raise it in his state habeas proceeding. (Doc. 22).

## SECTION 2254 STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined

appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.  Under
> the "unreasonable application" clause, a federal habeas court may grant
> the writ if the state court identifies the correct governing legal principle
> from this Court's decisions but unreasonably applies that principle to the
> facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only

---

by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision <u>is</u> contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the

"unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable

application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Petitioner's sole claim is that his appellate counsel was ineffective because he "failed to raise federal constitutional claims of denial of confrontation as guarantee[d] by the Sixth and Fourteenth Amendments to the United States Constitution and due process claim." (Doc. 1, p. 6). In support of this claim, petitioner argues that appellate counsel failed to properly argue the following three issues on direct appeal: (1) petitioner was denied due process when his estranged wife spontaneously stated in the presence of the jury, "you want him to get away with molesting children. I don't understand that."; (2) the trial court erred in granting the State's request to allow the minor child victim to testify from a chair placed directly in front of the jury; and (3) petitioner was denied his right of confrontation when the trial court admitted child hearsay statements under Fla. Stat. § 90.803(23). (Doc. 1, Attach. B).

Sub-claim One     "The Due Process Violation Not Raised" (Doc. 1, Attach. B, p. 1).

Petitioner's first sub-claim involves statements made by petitioner's estranged wife Cornelia Toles, while she was on the witness stand. Throughout her testimony Ms. Toles was admonished by the trial court for her repeated non-responsive and spontaneous testimony. During Ms. Toles' cross-examination, Ms. Toles again made

a non-responsive spontaneous remark.  The trial judge asked that the jury be removed
from the courtroom so she could address the matter outside their presence.  Before the
jury could be removed, the following exchange occurred:

> THE COURT:  Ladies and gentlemen, let me ask that you step outside
> for a moment.
>
> THE WITNESS [Ms. Toles]:  You want him to get away with molesting
> children.  I don't understand that.
>
> THE COURT:  Ma'am, stop speaking.
>
> THE WITNESS:  He's done it before.
>
> THE COURT:  Right now stop speaking.
>
> (Jury out)

(Doc. 22, Ex. C, p. 142).  After the jury left, the trial judge admonished Ms. Toles at
length.  (*Id*., pp. 142-44).  Defense counsel moved for a mistrial:

> MR. HILL [defense counsel]:  . . . I have some concerns because of her
> comment as the jury was going out that he's done this before and, you
> know, how – I heard it and the jurors were closer to her than I am, and
> that's going to force me to move for a mistrial.
>
> THE COURT:  All right.  Ms. Keenan [prosecutor].
>
> MS. KEENAN:  Your Honor, it was the defense that was questioning
> her about her calling the investigator with all these other victims and
> these other stories, so they are soliciting that in the cross examination.

(Ex. C, p. 144).  The trial court denied the motion for a mistrial and did not issue a
curative instruction to the jury to disregard Ms. Toles' statement.  (*Id*.).  Petitioner
asserts appellate counsel should have raised the issue of Ms. Toles' spontaneous

statement on direct appeal as a due process violation.

Respondent asserts that petitioner is not entitled to federal habeas relief, because the state court's denial of relief on this claim was neither contrary to, nor an unreasonable application of, the *Strickland* standard. (Doc. 22, pp. 30, 36-39).

A.    Clearly Established Federal Law

An ineffective-assistance-of-appellate-counsel claim is considered under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). *See Grubbs v. Singletary*, 120 F.3d 1174, 1176 (11th Cir. 1997). In *Strickland*, the Supreme Court held that in order to prove ineffective assistance of counsel, a defendant must show (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Id.*, 466 U.S. at 687. "First, petitioner must show that 'counsel's representation fell below an objective standard of reasonableness. Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 2473, 91 L.Ed.2d 144 (1986) (*quoting Strickland*, 466 U.S. at 668, 694). Appellate advocacy must be judged in its entirety. *See Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) (*citing Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted).

B.     Federal Review of State Court Decision

The First DCA summarily rejected petitioner's claim on the merits. The First DCA's decision is due deference under 28 U.S.C. § 2254(d). *See Richter*, 131 S. Ct. at 784-85; *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1402, 179 L. Ed. 2d 557 (2011). Under § 2254(d)(1), the question is whether the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the First DCA's decision was summary in nature, petitioner "can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for [its] decision." *Cullen*, 131 S. Ct. at 1402 (*quoting Richter*, 131 S. Ct. at 786). The duty of a federal habeas court in these circumstances is clear and was clearly restated by the Supreme Court in *Cullen*: "[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Cullen* at 1402 (*quoting Richter*, 131 S.Ct. at 786). Petitioner fails to meet that high threshold.

The record as a whole reveals that appellate counsel raised several important claims on direct appeal, including the following claim as "Issue I":

I.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING THE DEFENSE MOTION FOR MISTRIAL FOLLOWING A WITNESS OUTBURST, IN FRONT OF THE JURY, ACCUSING THE DEFENDANT OF OTHER ACTS OF UNCHARGED SEXUAL MISCONDUCT.

(Ex. C, Initial Br. of Appellant at p. i; Ex. D, pp. 26, 29-34). Appellate counsel argued that the trial court's denial of the mistrial request "was reversible error warranting a new trial", because granting the request was "necessary to ensure that the defendant receive[d] a fair trial". (Ex. D, p. 26, 29-34). Petitioner apparently faults appellate counsel for failing to argue the issue as a federal claim about due process.

Appellate counsel raised the issue of Ms. Toles' spontaneous statement in the same form as it was preserved below – as a state law issue. Florida law requires a defendant to preserve issues for appellate review by raising them first in the trial court. Fla. Stat. § 924.051. Section 924.051 provides:

> (3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court, or if not properly preserved, would constitute fundamental error.

Fla. Stat. § 924.051(3) (2006). Under the statute, "preserved" means that an issue or legal argument "was timely raised before, and ruled on by, the trial court, and that the issue [or] legal argument . . . was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefore." Fla. Stat. § 924.051(1)(b)

(2006). "In order for an argument to be cognizable on appeal, it must be the *specific contention asserted as legal ground for the objection, exception, or motion below*." *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1983) (emphasis added). Appellate counsel's failure to advance a federal due process argument was not unreasonable under prevailing professional norms because (1) "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue," and (2) "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious." *See Heath v. Jones*, 941 F.2d at 1130-31 (*citing Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 3313, 77 L. Ed.2d 987 (1983)). Appellate counsel could have reasonably decided to "winnow out" the weaker federal due process argument given that the federal guarantee of due process was not specifically asserted as the legal basis for the motion for mistrial below. *See Heath* at 1130-31; *see also Atkins v. Singletary*, 965 F.2d 952, 957 (11th Cir. 1992) (holding that where an issue is not preserved for appellate review, appellate counsel's failure to raise the issue is not constitutionally deficient as it is based on the reasonable conclusion that the appellate court will not hear the issue on its merits); *Francois v. Wainwright*, 741 F.2d 1275, 1285-86 (11th Cir. 1984) (same). Petitioner has not shown that no competent appellate attorney would have presented the issue of Ms. Toles' spontaneous statement in the manner petitioner's appellate counsel presented it.

Petitioner also fails to establish prejudice. Petitioner makes no showing of, and there is no record basis to find, a reasonable probability the outcome of petitioner's direct appeal would have been different had appellate counsel argued Issue I as a violation of the Due Process Clause of the United States Constitution. A theoretical possibility of a different outcome is insufficient to meet *Strickland*'s prejudice prong.

The state court's denial of relief on petitioner's IAAC claim was neither contrary to, nor an unreasonable application of, the *Strickland* standard. Petitioner is not entitled to federal habeas relief on Sub-claim One.

Sub-claim Two    "The Trial Court Granting of the State's Request to Allow the Minor Child Witness to Testify from a Chair Placed Directly in Front of the Jury, Absent Any Findings That the Minor Might Otherwise Suffer from Severe Emotional or Mental Harm". (Doc. 1, Attach. B, pp. 1-2).

Petitioner's second sub-claim involves the trial court's granting the State's motion to allow the child victim to give her trial testimony while seated in front of the jury box. Petitioner's trial counsel raised the following objection:

> MR. HILL [defense counsel]: Judge, my objection is two fold. Basically, it's fundamentally unfair to my client to have the child testify in front of the jury. She has testified before in court, at a prior hearing, where she took the stand. I think to allow her to testify in front of a jury, unduly enhances her testimony to the jury. It puts more emphasis on her testimony. I think – and I'm not certain how it would go, but I think it would violate the confrontation clause.
>
> But I just think it's fundamentally unfair to my client to put special emphasis and special seating and special arrangements for the child to testify in front of the jury, and, again, just puts too much special emphasis on her testimony as opposed to the other witnesses in the case. And for those reasons, Judge, we would object.

(Ex. B, p. 90). The trial court ruled as follows:

> THE COURT: All right. I'm going to allow her to testify in front of the jury in the chair. She will have to identify the defendant, and so there will be a time where she has to turn and identify the defendant. I think what I've said in the past, Mr. Hill, is that it's not – if you – if there's an issue that comes up where you feel like she's trying to avoid looking at the defendant, as opposed to just telling her story, usually what happens is, these kids get in the chair and start swiveling. So it's not an issue.

It's really more of an issue of being heard by the jury. So I will allow her to testify, but she is going to have to identify the defendant, of course, over the Defense's objection, since she's eight years old.

(*Id*., pp. 90-91). Petitioner apparently believes appellate counsel should have challenged the trial court's ruling on direct appeal as a violation of petitioner's rights under the Confrontation Clause and/or Due Process Clause of the United States Constitution.

Respondent asserts that the state court's denial of relief on petitioner's IAAC claim was consistent with the *Strickland* standard, because petitioner failed to establish deficient performance and prejudice. (Doc. 22, pp. 30, 34-36, 39-43).

A.     Clearly Established Federal Law

The clearly established federal law governing claims of ineffective assistance of appellate counsel is the *Strickland* standard, as set forth above.

B.     Federal Review of State Court Decision

Petitioner has not shown that the First DCA's summary rejection of his claim was contrary to, or an unreasonable application of, the *Strickland* standard. Appellate counsel raised several important claims on direct appeal, including the following claim as "Issue II":

II.     THE TRIAL COURT'S GRANTING OF THE STATE'S REQUEST TO ALLOW THE MINOR CHILD WITNESS TO TESTIFY FROM A CHAIR PLACED DIRECTLY IN FRONT OF THE JURY, ABSENT ANY FINDINGS THAT THE MINOR MIGHT OTHERWISE SUFFER FROM SEVERE EMOTIONAL OR MENTAL HARM, WAS ERROR REQUIRING REVERSAL.

(Ex. C, Initial Br. of Appellant at p. i; Ex. D, pp. 26-27, 34-37). Appellate counsel argued that the trial court abused its discretion when it granted the State's request to allow the special placement of the child during her testimony, because the trial court's

ruling was not supported by any of the findings necessary to justify a special accommodation under Fla. Stat. § 90.612, or Fla. Stat. § 92.55. Appellate counsel argued that the special placement of the child "came at the expense of fairness to Mr. Toles" and required reversal. (Ex. D, pp. 26-27, 34-37). Petitioner faults appellate counsel for failing to argue that the child's special placement violated his rights under the Confrontation Clause and/or the Due Process Clause of the United States Constitution.

Even assuming to petitioner's benefit that his constitutional arguments were preserved below, appellate counsel's failure to make those specific arguments on direct appeal was not unreasonable because, as discussed above, "effective advocates may 'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Heath*, 941 F.2d at 1130-31 (*citing Jones*, 463 U.S. 745, 103 S. Ct. at 3313). Petitioner has not shown that no competent attorney would have elected to present the issue as a state law issue, as appellate counsel presented it.

Further, petitioner makes no showing, and there is no record basis to conclude, that there is a reasonable probability the outcome of petitioner's direct appeal would have been different had appellate counsel argued Issue II as a constitutional, as opposed to state law, issue. A theoretical possibility of a different outcome is insufficient to meet *Strickland*'s prejudice prong.

The state court's denial of relief on petitioner's IAAC claim was neither contrary to, nor an unreasonable application of, the *Strickland* standard. Petitioner is not entitled to federal habeas relief on Sub-claim Two.

<u>Sub-claim Three</u>   <u>"The Denial of Confrontation."</u>  (Doc. 1, Attach. B, p. 2).

Petitioner's final sub-claim involves the trial court's admission of child hearsay under Fla. Stat. § 90.803(23).  (Doc. 1, Attach. B, p. 2).  At a pre-trial hearing on the State's Notice of Intent to Introduce Child Hearsay, defense counsel objected to the admission of the child victim's hearsay statements to Cornelia Toles (the victim's mother), Kirsten Bucey (a forensic interviewer for the Child Protection Team), and Teresa Greenquist (an ARNP for the Child Protection Team), on the grounds that there was a lack of reliability in all three of the proposed witnesses advancing the child hearsay statements.  (Doc. 22, Ex. B, p. 60).  Specifically, defense counsel argued:

> MR. HILL:  Judge, the Defense would object that there's a lack of reliability in all three of the statements.  Based on the fact that there was a very lengthy period of time prior to any statement coming out where the mother and the defendant were having marital problems and, in fact, as the testimony indicated at the time the actual allegations came out the defendant had moved out of the house and had been gone for at least a couple of weeks by the time any allegations of anything, you know, came out, which obviously certainly appears to be something strange that would coincidentally happen as he leaves the house.  So we would suggest to the Court that this may be certainly something that the mother is doing to get back at Mr. Toles.  I would also argue, Judge, and let me be specific on a couple of things, I know the court has looked at the CPT video, and one of the things that concerns me about that video notwithstanding the other objections is the fact that in the video there certainly has raised an issue by [the victim] and somewhat repeated by Ms. Bucey, and that is that there was another – or the child appeared to be seeing him having sex or having oral sex. I believe it was oral sex, or having some type of sexual act with somebody else, which certainly seems, when looking at the video, that they're referring to another child, and this is something that he has not been charged with.  We don't even know who this person is.  There's certainly no Williams Rule notice.

There's no anything to indicate or have any basis for admissibility of that statement, and I would object to the video on those grounds as well.

In terms of Ms. Greenquist for whatever reason the interview that she had with the child was not recorded. As the Court is well aware I think that the rules and certainly the case law certainly support the idea that any expert that's examining the child that the interview should be recorded so it can be viewed and be determined whether or not any misleading questions or anything of that nature were asked, and of course we have no way of determining that because Ms. Greenquist did not record that conversation. And, again, I recognize that this was part of an examination so I'm not talking about a videotape of the examination, but just a recording of the statements that were made by the child.

I would also object on the fact that it's basically cumulative evidence if, you know, we're talking about three different out -of-court statements by the child. And I would object on those grounds as well. And I believe those are all my objections, Your Honor.

(Ex. B, pp. 60-62). The trial court overruled the objection and allowed the testimony. (*Id.*, pp. 65-70). Petitioner claims appellate counsel should have challenged the trial court's ruling on direct appeal, on the grounds that admission of the child hearsay violated petitioner's rights under the Confrontation Clause.

Respondent asserts that the state court's denial of relief on this claim was neither contrary to, nor an unreasonable application of the *Strickland* standard, because petitioner has not established deficient performance or prejudice. (Doc. 22, pp. 30, 34-36, 43-44).

A.    Clearly Established Federal Law

The clearly established federal law governing claims of ineffective assistance of appellate counsel is the *Strickland* standard, as set forth above.

B.    Federal Review of State Court Decision

Petitioner has not shown that the First DCA's summary rejection of his claim was contrary to, or an unreasonable application of, the *Strickland* standard.  Appellate counsel raised several important claims on direct appeal, including the following claim as "Issue III":

III.    THE TRIAL COURT COMMITTED ERROR BY ALLOWING CHILD HEARSAY PURSUANT TO SECTION 90.803(23) WHERE THE REQUISITE STATUTORY FINDINGS WERE NOT ESTABLISHED.

(Ex. C, Initial Br. of Appellant at p. i; Ex. D, p. 27, 37-44).  Appellate counsel argued that the trial court erred by allowing child hearsay pursuant to Fla. Stat. § 90.803(23), because the court made no particularized findings of reliability and trustworthiness as required by the statute under which the testimony was admitted.  Appellate counsel further argued that the testimony was cumulative and prejudicial.  (Ex. D, pp. 27, 37-44).  Petitioner faults appellate counsel for failing to raise the issue as a violation of the Confrontation Clause of the United States Constitution.

Appellate counsel raised the issue of admission of the child hearsay statements in the same form as it was preserved below – as a state law issue.  Appellate counsel could have reasonably decided to "winnow out" the weaker Confrontation Clause argument in favor of the state law argument preserved below, given that the federal right of confrontation was not specifically asserted as the legal basis for trial counsel's objection.  *See Heath*, 941 F.2d at 1130-31; *Atkins*, 965 F.2d at 957; *Francois*, 741 F.2d at 1285-86.  Petitioner has not shown that no competent attorney would have elected to present the issue as appellate counsel presented it.

Petitioner also fails to make the requisite showing of prejudice.  There is no basis to conclude that there is a reasonable probability the outcome of petitioner's

direct appeal would have been different had appellate counsel argued Issue III as a violation of the Confrontation Clause instead of as a violation of state law governing the admissibility of child hearsay. A theoretical possibility of a different outcome is insufficient to meet *Strickland*'s prejudice prong.

The state court's denial of relief on petitioner's IAAC claim was neither contrary to, nor an unreasonable application of, the *Strickland* standard. Petitioner is not entitled to federal habeas relief on Sub-claim Three.

Petitioner's petition includes a final sub-section, which petitioner labels "Bolstering of the Hearsay", in which petitioner argues that State's witness Nancy Hagman, a program coordinator and therapist for the Florida Department of Children and Families, impermissibly bolstered the child victim's testimony when she testified, over defense counsel's objection, about general tendencies of child witnesses of sexual abuse. (Doc. 1, Attach. B, pp. 2-3).

Respondent asserts a procedural default defense, arguing that to the extent petitioner is asserting an ineffective-assistance-of-appellate-counsel claim based on appellate counsel's failure to argue a federal constitutional violation arising from admission of Ms. Hagman's testimony, the claim is procedurally defaulted because petitioner did not raise this issue in his state habeas petition. (Doc. 22, pp. 26-30). Respondent alternatively argues that the issue is without merit. (*Id*., pp. 44-45).

Petitioner clarifies in his reply that he is not raising an IAAC claim with regard to Hagman's "bolstering of hearsay", because, as respondent points out, he did not exhaust that claim in state court. (Doc. 31, p. 5). Petitioner states that "the bolstering argument is made to show prejudice on the entire record, as absent the confrontation violation, the result might very well have been different." (*Id*., p. 6). In light of petitioner's clarification that his federal habeas petition raises only the three instances

of alleged ineffective assistance of counsel discussed above, the Court will not address, as a separate constitutional claim, petitioner's "Bolstering of the Hearsay" argument.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Michael D. Crews has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Jermaine Toles* in the Circuit Court for Escambia County, Florida, Case Number 08-CF-5151 be DENIED, and the Clerk be directed to close the file.

2.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of October, 2013.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of any objections shall be served upon any other parties.   Failure to object may limit the scope of appellate review of factual findings.   *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).